

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-78,395-05, WR-78,395-06 AND WR-78,395-07

### EX PARTE SCOTT ASH JAMES ZIRUS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. B09490-2, B09552-2 AND B09553-2 IN THE 198TH DISTRICT COURT FROM KERR COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of indecency with a child by contact, one charge consisting of two counts of aggravated sexual assault of a child, and one charge of continuous sexual abuse of a child. He was sentenced to one twenty-year sentence and three forty-year sentences, all running concurrently. He did not appeal his convictions.

Applicant previously challenged these three convictions by way of Article 11.07 habeas applications, which this Court denied on October 10, 2012. In the instant applications, Applicant

contends that his plea was involuntary because he was advised by trial counsel and the trial prosecutor at the time of his plea that he would be eligible for parole after serving one half of his sentence(s). Applicant alleges that he did not learn that he was not, in fact, eligible for parole at all on the continuous sexual abuse conviction until he was notified in September of 2016 that he had been "re-classified" by TDCJ's Unit Classification Committee as parole-ineligible. Applicant alleges that his current claims were not available at the time he filed his initial habeas applications because until September of 2016, he was being treated by TDCJ as if he would be eligible for parole after serving one half of his sentence.

Applicant alleges that had he not been erroneously advised about his parole eligibility, he would not have pleaded guilty but would have insisted on going to trial on these charges.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first obtain an affidavit from TDCJ, stating whether Applicant was advised of his parole eligibility date for these convictions when he arrived at TDCJ, and if so, when he was told that he would be eligible for parole. The affidavit shall state whether Applicant was ever re-classified as ineligible for parole, and if so when that re-classification occurred and when

Applicant was notified of such re-classification.

If Applicant was initially treated by TDCJ as parole-eligible, and if he was notified of his ineligibility after he filed his initial habeas applications on August 22, 2012, the trial court shall then obtain affidavits from Applicant's trial counsel and the trial prosecutor stating what advice, if any, was given to Applicant about when he would be eligible for parole on these sentences.

The trial court shall make findings of fact and conclusions of law as to whether Applicant learned that he was ineligible for parole after he filed his initial habeas applications challenging these convictions. If Applicant did learn of his ineligibility for parole after he filed his initial applications, the trial court shall make findings of fact and conclusions of law as to whether Applicant was erroneously advised that he would be eligible for parole after serving one half of his (longest) sentence at the time of his plea(s). If Applicant was erroneously advised regarding parole eligibility, the trial court shall make findings of fact and conclusions of law as to whether Applicant would not have pleaded guilty but for such erroneous advice, but would have insisted on going to trial on these charges. The trial court shall make findings of fact and conclusions of law as to whether the disposition of these three charges was a "package" plea. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 12, 2017
Do not publish